UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LANI S. BROWN, JOSHUA B. HOLLINGSWORTH,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) CASE NO.: _____<br>) |
| **UNITED STATES OF AMERICA,** | )<br>) |
| **Defendant**. | |

## C O M P L A I N T

### PARTIES

1. Plaintiff, Lani S. Brown, (hereinafter referred to as "Ms. Brown" and/or "Plaintiff"), is an individual over the age of nineteen (19) years and a resident of Calhoun County, Alabama.

2. Plaintiff, Josh B. Hollingsworth, (hereinafter referred to as "Mr. Hollingsworth" and/or "Plaintiff"), is an individual over the age of nineteen (19) years and a resident of Calhoun County, Alabama.

3. Defendant, UNITED STATES OF AMERICA, (hereinafter referred to as "U.S.A." and/or "Defendant"), is a governmental entity.

### JURISDICTION

4. Plaintiffs bring this claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671.

5.     Plaintiffs filed their administrative claims with the United States Postal Service on February 28th, 2020.

6.     The United States Postal Service denied both Ms. Brown and Mr. Hollingsworth's claims on November 18th, 2020.

# FACTS

7.     On or about February 3rd, 2020, at approximately 2:10 p.m., Mr. Hollingsworth was operating a 1988 Jeep Comanche motor vehicle on Alexandria Jacksonville Highway in Calhoun County, Alabama.

8.     Ms. Brown was a passenger in Mr. Hollingsworth vehicle.

9.     At approximately the same time, Megan D. Blalock, an employee of the United States Postal Service, was operating a vehicle eastbound on Alexandria Jacksonville Highway in Calhoun County, Alabama.  At the aforesaid time, Mr. Blalock was operating the subject vehicle while on-the-job, and in the line and scope of her employment with the United States Postal Service; the United States Postal Service had entrusted the subject vehicle to Mr. Forester.

10.     At the aforesaid time, this particular stretch of Alexandria Jacksonville Highway consisted of one eastbound and one westbound lane.

11.     As Mr. Hollingsworth vehicle and Ms. Blalock vehicle approached Valley Cove Road, Ms. Blalock made an abrupt U-turn.

12. As Ms. Blalock made her U-turn her vehicle struck the vehicle occupied by Mr. Hollingsworth and Ms. Brown.

13. As a result of the acts and/or omissions of Ms. Blalock, and the United States of America, Mr. Hollingsworth was injured and damaged as follows:

- (a) Mr. Hollingsworth suffered injuries to various portions of her body, including but not limited to: neck and back;

- (b) Mr. Hollingsworth suffered aggravations of pre-existing conditions;

- (c) Mr. Hollingsworth has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

- (d) Mr. Hollingsworth has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

- (e) Mr. Hollingsworth was permanently injured, disfigured, disabled, and damaged;

- (f) Mr. Hollingsworth was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

- (g) Mr. Hollingsworth was caused to incur out-of-pocket medical expenses;

- (h) Mr. Hollingsworth is reasonably certain to incur personal injury medical expenses and out-of-pocket medical expenses in the future;

- (i) Mr. Hollingsworth's 1988 Jeep Comanche was torn, twisted and diminished in value as a result of this accident.

14. As a result of the acts and/or omissions of Ms. Blalock, and the United States of America, Ms. Brown was injured and damaged as follows:

   (a) Ms. Brown suffered injuries to various portions of her body, including but not limited to: forehead, face, knees, neck and back;

   (b) Ms. Brown suffered aggravations of pre-existing conditions;

   (c) Ms. Brown has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

   (d) Ms. Brown has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

   (e) Ms. Brown was permanently injured, disfigured, disabled, and damaged;

   (f) Ms. Brown was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

   (g) Ms. Brown was caused to incur out-of-pocket medical expenses;

   (h) Ms. Brown is reasonably certain to incur personal injury medical expenses and out-of-pocket medical expenses in the future

## **COUNT ONE – NEGLIGENCE**

15. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

16. At the aforesaid time and place, Ms. Blaloack and/or one or more of the Fictitious Defendants listed and described in the caption hereinabove, negligently caused and/or allowed the subject vehicle to enter into Mr. Hollingsworth's lane of travel, as aforesaid.

17. Ms. Blalock breached her duty to Mr. Hollingsworth and Ms. Brown by failing to keep a proper lookout, making an illegal turn and operating her vehicle in an unreasonable manner.

18. Ms. Blalock breached the duties that she owed to Mr. Hollingsworth and Ms. Brown when she allowed the subject vehicle to enter into Mr. Hollingsworth's lane of travel and cause a collision.

19. Ms. Blalock's negligent conduct was a proximate cause of Mr. Hollingsworth and Ms. Brown's injuries and damages described above, herein paragraphs thirteen (13) and fourteen (14).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant, United States of America, for general and compensatory damages, along with special damages, that the court may determine, together with interest from the date of the injury plus the costs of this action.

## **COUNT TWO – *RESPONDEAT SUPERIOR***

20. Plaintiff re-alleges paragraphs one through eleven of this Complaint as if fully set forth herein.

21. At the time and place of the incident made the basis of this suit, Ms. Blalock was operating a vehicle in the line and scope of her employment for Defendant, United States of America. Mr. Blalock was an agent and/or employee of the United States of America, the United States of America was the master or principal of Ms. Blalock and the United States of America is vicariously liable for her actions. Said negligent conduct described in count one was a proximate cause of the Mr. Hollingsworth's and Ms. Brown's injuries and damages described above, herein in paragraphs thirteen (13) and fourteen (15).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant, United States of America, for general and compensatory damages, along with special damages, that the court may determine, together with interest from the date of the injury plus the costs of this action.

### COUNT THREE – NEGLIGENT HIRING, TRAINING, SUPERVISION AND/OR RETENTION

22. Plaintiff re-alleges paragraphs one through eleven of this Complaint as if fully set forth herein.

23. At the aforesaid time and place, and for some time prior thereto, the United States of America had the supervisory authority and was charged with the hiring, training, supervising, and retention of its agents, employees, and/or motor vehicle drivers, like and including Ms. Blalock. The United States of America negligently exercised or failed to hire, train, supervise, and retain its motor vehicle

drivers, like and including Ms. Blalock.  Said negligent conduct in count one was a proximate cause of Mr. Hollingsworth and Ms. Brown's injuries and damages described above, herein paragraphs thirteen (13) and fourteen (14).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant, United States of America, for general and compensatory damages, along with special damages, that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FOUR – NEGLIGENT ENTRUSTMENT

24.     Plaintiff re-alleges paragraphs one through eleven of this Complaint as if fully set forth herein.

25.     On or about February 3rd, 2020, the United States of America was the owner of and had the right of control over the use of the subject vehicle driven by Ms. Blalock.  The United States of America negligently entrusted said vehicle to Ms. Blalock who was not competent to operate a vehicle.  Ms. Blalock negligently operated said vehicle injuring Mr. Hollingsworth and Ms. Borwn.  The United States of America entrusted said vehicle to Ms. Blalock and is therefore liable to the Mr. Hollingsworth and Ms. Brown.  Said negligent conduct in count one was a proximate cause of Mr. Hollingsworth and Ms. Brown's injuries and damages described above, herein in paragraphs thirteen (13) and fourteen (14).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant, United States of America, for general and compensatory

damages, along with special damages, that the court may determine, together with interest from the date of the injury plus the costs of this action.

                          Respectfully Submitted,

                          /s/ Brian A. Traywick
                          Brian A. Traywick
                          Bar Number: 6896O22L
                          Attorney for Joshua Hollingsworth and Lani Brown
                          SHUNNARAH TRIAL ATTORNEYS
                          3626 Clairmont Avenue South
                          Birmingham, Alabama 35222
                          Phone:    205-203-4056
                          Facsimile: 205-203-4057
                          Email: btraywick@asilpc.com

## **REQUEST FOR SERVICE BY CLERK**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff requests service of the foregoing "Summons and Complaint" by certified mail, addressed as follows:

United States Attorney Prim F. Escalona
1801 4th Avenue North
Birmingham, AL 35203

Attorney General Merrich Garland
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

/s/ Brian A. Traywick
Brian A. Traywick
Bar Number: 6896O22L
Attorney for Joshua Hollingsworth and Lani Brown
SHUNNARAH TRIAL ATTORNEYS
3626 Clairmont Avenue South
Birmingham, Alabama 35222
Phone:    205-203-4056
Facsimile: 205-203-4057
Email: btraywick@asilpc.com